UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:17-cr-97-WFJ-TGW

WALBERTO CUERO CORTES
_____/

### ORDER DENYING REDUCTION

Citing Amendment 821 to the United States Sentencing Guidelines, Walberto Cuero Cortes, USM#: 68442-018, moves (Dkt. 142) unopposed for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.  Mr. Cortes qualifies for such a reduction.  The Court denies it.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

On August 17, 2017, Walberto Cuero Cortes was sentenced under 46 U.S.C. §§ 70503, 70506(a)(b) and 21 U.S.C. § 960 to 135 months. Walberto Cuero Cortes' total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Cortes' advisory sentencing range was 135 to 168 months, and he received a sentence at the bottom of the advisory range. Mr. Cortes' attorney states that the Bureau of Prisons reports that his projected release is September 26, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Walberto Cuero Cortes is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and

reduces his advisory sentencing range to 108 to 135. The Federal Defender appears, confirms Walberto Cuero Cortes' eligibility for a reduction, and moves unopposed to reduce his sentence to 120 months (a 15-month reduction in sentence).

The Court exercises its discretion to deny such a reduction. As the Eleventh Circuit noted in denying Mr. Cortes' appeal, the offense involved 1100 kilos of cocaine, and Mr. Cortes received a bottom-end guideline sentence after a safety valve reduction, as well as a three-point reduction for acceptance of responsibility. Dkt. 113 at 4.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a)(1) and (2). This was a massive amount of cocaine and the present sentence best accounts for "the seriousness of the offense." *Id*. at (a)(2)(A). Moreover, general deterrence of criminal conduct, (a)(2)(B), is better served by keeping this present sentence. Mr. Cortes received one disciplinary report while in prison, Dkt. 142 at 2, which does not aid his motion.

Mr. Cortes' motion (Dkt. 142) is **DENIED**. Earlier motions for reduction of sentence (Dkts. 127, 136) are **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida on July 9, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE